IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Willie Horton,
    Plaintiff,

v.     1:10cv154 (TSE/JFA)

George West, Esquire, et al.,
    Defendants.

## MEMORANDUM OPINION

Willie Horton, a federal prisoner currently confined at the United States Penitentiary at Florence, Colorado, has filed a civil action, pursuant to 42 U.S.C. § 1983 and other statutory provisions, seeking damages and declaratory relief for negligence, legal malpractice, and violation of his constitutional rights. The named defendants are Assistant United States Attorneys Gary Jackson and David Barger, who successfully prosecuted plaintiff for murder, and George West, Esquire, who represented plaintiff in a subsequent postconviction proceeding. Plaintiff has paid the requisite filing fee for this action, pursuant to 28 U.S.C. § 1914(a). Upon review, plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Also pending

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such

1

before the Court are motions by the plaintiff for clarification, appointment of counsel, and summary judgment, all of which will be denied as moot, as well as a motion for a copy of the docket sheet, which will be granted.

I.

Plaintiff in this action has a lengthy history with this Court, which for purposes of analyzing the instant complaint may be succinctly summarized. On July 20, 1989, following a jury trial, plaintiff was convicted of first degree murder in the stabbing death of Harold Hoston, a fellow inmate at Lorton Reformatory. See United States v. Horton, 716 F. Supp. 927 (E. D. Va. 1989) (denying plaintiff's motion for new trial). Plaintiff's conviction was affirmed. United States v. Horton, 921 F.2d 540 (4th Cir. 1990), cert. denied, 501 U.S. 1234 (1991). Plaintiff states that his criminal trial was prosecuted by named defendants Assistant United States Attorneys Gary Jackson and David Barger. Compl. at 2 - 3.

In 1993, plaintiff filed a motion to vacate his murder conviction pursuant to 28 U.S.C. §

---

relief.

Even though plaintiff in this case paid the statutory filing fee, it is by now well settled that § 1915A applies to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. To date, at least five federal circuits have so held. See Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999); Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999); Ricks v. Mackey, 1998 WL 133828 (10th Cir. 1998) (unpublished decision); McGore v. Wrigglesworth, 114 F.3 601, 608 (6th Cir. 1997). And, while it does not appear that the Fourth Circuit has expressly addressed the issue, several courts in this district have determined that mandatory review under § 1915A applies even if a prisoner plaintiff has paid the full filing fee. See, e.g., Church v. U.S. Government, 2008 WL 5704482 at *1 (E.D.Va. Jan. 29, 2008) (Hudson, J.); Mayers v. Smith, 2002 WL 32502356 at *1 (E.D.Va. Apr. 4, 2002) (Hilton, J.), cert. denied, 46 Fed. App'x 208 (2002); Johnson v. Hill, 965 F.Supp. 1487, 1488 (E.D. Va. 1997) (Smith, J.).

2

2255, alleging: (1) Brady violations,[2] (2) conflict of interest on the part of trial counsel; and (3) prosecutorial misconduct. See Horton v. United States, 983 F.Supp. 650 (E.D. Va. Nov. 25, 1997). Plaintiff was represented in that proceeding by defendant George F. West, Esquire, of Richard McGettigan Reilly & West, P.C., Alexandria, Virginia. Id. Plaintiff's application for postconviction relief was denied on the grounds that: (1) the United States Attorney's Office had no Brady obligation to disclose a document that was part of plaintiff's file at a non-federal correctional facility and was not in the possession of the Office or its agents, (2) the document in question was insufficient to prove that an inmate witness perjured himself, and (3) even if perjury occurred, there was no showing made that the prosecutor should have known of such perjury. Id. Horton's appeal of the denial of his § 2255 motion was dismissed by an unpublished disposition. United States v. Horton, 164 F.3d 626 (4th Cir. Oct. 7, 1998) (table), cert. denied, 531 U.S. 1201 (2001).

Plaintiff alleges that he subsequently retained James Q. Butler, Esquire to file a civil action for legal malpractice against attorney West for conspiring with the United States Attorney. Butler allowed the statute of limitations on plaintiff's claim against West to expire, so in October, 2008 plaintiff filed a complaint against Butler, asserting claims of negligence and legal malpractice. When Butler did not answer the complaint, plaintiff obtained a default judgment against Butler in the amount of $5,500.00 on April 15, 2009. Compl. at 3 - 4. That judgment subsequently was affirmed. Horton v. Butler, 352 Fed. App'x 449 (D. C. Cir. Nov. 2, 2009). Plaintiff alleges here that:

> The Appeals Court ruling of dishonest conduct means violation of the fraudulent act, and fraudulent concealment of plaintiff's issues. The doctrine of fraudulent concealment stops every statute of limitation when the acts giving rise to the cause of action has [sic] been concealed. ... [T]he Supreme Court later expanded the doctrine to be

---

[2]Brady v. Maryland, 373 U.S. 83 (1963).

read into every statute of limitation.

Compl. at 4.

In the instant action, plaintiff, in language that is far from clear, asserts claims of negligence, legal malpractice, fraud and denial of his right to due process against defense counsel West and federal prosecutors Jackson and Barger. As relief, plaintiff seeks an award of compensatory and punitive damages against each defendant, as well as a declaration that his right to due process was violated in the § 2255 post-conviction proceeding.

## II.

Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must still allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to

raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

After careful review of the instant complaint, regardless of whether plaintiff's claims are plausible or not, it is clear that no relief can be granted to him under any set of facts, both because all of the named defendants are immune from liability to the plaintiff, and because plaintiff's claims, even if otherwise viable, are time-barred. Consequently, this action must be dismissed for failure to state a claim in accordance with 28 U.S.C. § 1915A(b)(1).

### III.

There are a number of problems with plaintiff's complaint. First, plaintiff alleges that federal jurisdiction for his lawsuit arises in part from 42 U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. See West v. Atkins, 487 U.S. 42, 48 (1988) However, plaintiff fails to state a claim upon which such relief can be granted because all of the defendants he names are absolutely immune from suit under § 1983.[3] As to defendants Jackson and Barger, a prosecuting attorney acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983 for those actions because of public policy

---

[3] Because two of the named defendants are federal officials, plaintiff's claim for deprivation of his constitutional rights against those individuals under other circumstances is appropriately construed as brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which extends § 1983 liability to federal officials. However, for present purposes that is a distinction without a difference, because analysis of the scope of immunity for defendants under §1983 and Bivens is the same. See Wilson v. Layne, 626 U.S. 603 (1999) (noting that "qualified immunity analysis is identical under either [§1983 or Bivens] cause of action."); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000) (unpublished; available at 2000 WL 1455443). Here, then, references to case law regarding the immunity of state actors under §1983 is appropriate as applicable to all defendants.

5

considerations. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Such considerations include "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. at 403. The Fourth Circuit has noted that "the public interest in forthright enforcement of the criminal law is best served when a state's attorney can freely decide when to prosecute, uninfluenced by the potential burden of retaliatory suits." Weathers v. Ebert, 505 F.2d 514, 515 (4th Cir. 1974). Because the actions or omissions of Jackson and Barger were conducted in the course of their pursuit of a criminal prosecution against plaintiff, those defendants enjoy absolute immunity from plaintiff's constitutional claim against them.[4]

Similarly, defense counsel West is also immune from suit under § 1983. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Here, then, no §1983 cause of action will lie against the defendant for actions he took during his representation of the plaintiff. Accord, Powell v. Harris, 99 F.3d 1130 (4th Cir. Oct. 10, 1996) (table; available at 1996 WL 582911) ("[W]e note that public defenders are not considered state actors for § 1983 purposes; thus, no award of damages would have been proper."); Turner v. Mikula, 74 F.3d 1234 (4th Cir. Jan. 24, 1996) (table; available at 1996 WL

---

[4]While not strictly relevant at this stage of the proceedings to the issue of whether the complaint states a viable claim, it is noted that plaintiff attempted to serve defendants Barger and Jackson by mailing copies of the complaint to the United States Attorney's Office for the Eastern District of Virginia. In response, that Office filed a Status Report in which it is revealed that "neither Mr. Jackson nor Mr. Barger presently work for or are detailed to the United States Attorney's Office for the Eastern District of Virginia." (Docket # 8 at 2)

26718) ("Appellant's claims against his attorney are not cognizable because the attorney was not a state actor."); Ward v. Ghee, 8 F.3d 823 (4th Cir. Oct. 13, 1993) (table; available at 1993 WL 410357) ("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders.") (citations omitted). Accordingly, plaintiff's § 1983 claim against defendant West fails to state a claim for which relief can be granted.

Nor is it necessary in this case to allow plaintiff an opportunity to particularize and amend his allegations, to attempt to name a defendant who might be amenable to suit under either § 1983 or Bivens. It is apparent that such a step would be futile because it is clear that any such claims are time-barred. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. Wilson v. Garcia, 471 U.S. 261, 280 (1985); see also Richey v. George Mason Univ., 842 F.2d 1292 (4th Cir. 1988) (table) (holding so in the context of a claim under the ADA). Virginia Code. § 8.01-243(A) provides for a two-year statute of limitations for personal injury claims, so the applicable limitations period for a § 1983 claim in this state is two years. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). The timeliness of Bivens actions, like those brought pursuant to § 1983, are governed by the statute of limitation for personal injury actions in the state where the claim arose. Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). Therefore, a Bivens claim which arose in Virginia likewise is subject to a two-year limitations period.

While the limitation period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House

7

of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). Causes of action accrue under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). Here, plaintiff alleges that he hired James Butler, Esquire to sue defendant West for legal malpractice and conspiracy with the federal prosecutors. Compl. at 3. According to documents available from the electronic docket of Horton's suit against Butler, Butler was retained in April, 2007. See Motion for Rule 60(a) Relief from Judgment, Ex. 1, Horton v. Butler, No. 1:08cv1794-JR (D. D.C. June 12, 2009), ECF No. 15.[5] Therefore, plaintiff undeniably "possesse[d] sufficient facts about the harm done to him" by the defendants at that time to assert the claims he makes here. Nonetheless, well over two years elapsed until this federal complaint was filed on January 6, 2010.[6] Consequently, plaintiff's instant claims pursuant to § 1983 and Bivens are subject to dismissal pursuant to § 1915A as time-barred.[7]

---

[5] It is well established that a court may take judicial notice of its own records and files, whether it is requested to do so or not. Fed. R. Evid. 201. Judicial notice is particularly applicable to a court's own records of prior litigation which is closely related to the matter under consideration. Chandler v. O'Bryan, 311 F. Supp. 1121 (D.C. Okl.), rev'd on other grounds, 445 F.2d 1045 (10th Cir.), cert. denied, 405 U.S. 964 (1972); accord, Lolavar v. De Santibanes, 430 F.3d 221, 224 n.2 (4th Cir. 2005) (taking judicial notice of the docket sheet of a court of record); Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949) (where justice requires, "court should not hesitate to look to its own records to see what they disclose...").

[6] A pleading submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Horton signed and verified his complaint on January 6, 2010, Compl. at 15, although the Clerk did not receive it until February 19, 2010. However, for purposes of the instant analysis, even if it is assumed that the complaint was delivered to prison officials for mailing on the same day it was executed, it still was filed outside the limitations period by a factor of about eight months.

[7] Plaintiff's allegations in the complaint regarding his view that "the doctrine of fraudulent concealment stops every statute of limitation" may be read as an attempt to overcome the

Plaintiff also invokes 42 U.S.C. § 1985 as a basis for his federal claims. Even if plaintiff's cursory reference to that provision were sufficient to state a claim for conspiracy, claims brought pursuant to § 1985, like those brought pursuant to § 1983, are subject to the state statute of limitations for personal injury action. Wilson, 471 U.S. at 266-67; Ormsby v. Luzerne Co. Dept. of Public Welfare, 149 Fed. Appx. 60 (3d Cir. 2005). Accordingly, even if plaintiff's complaint were construed as including an otherwise valid claim pursuant to § 1985, that claim is foreclosed by operation of the statute of limitations.

Because there thus are no claims presented in the complaint that "arise under the Constitution, laws, or treaties of the United States" over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, there is no basis under 28 U.S.C. § 1367 for supplemental jurisdiction over the state tort claims plaintiff also attempts to raise. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Shaunigan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). Therefore, those claims must also be dismissed.[8]

## IV.

For the foregoing reasons, plaintiff's complaint must be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's motions for clarification, for appointment of counsel, and for summary judgment must be dismissed, as moot. Plaintiff's motion for a copy of the docket sheet will

---

untimeliness of his present claims. The Court does not "accept as true [this] legal conclusion couched as a factual allegation" as it pertains to this case. Cf. Iqbal, 129 S. Ct. at 1949-1950. Contrary to plaintiff's theory, postconviction counsel Butler's failure to bring a malpractice claim against defendant West in a timely manner does not amount to fraudulent concealment.

[8]Nothing in this dismissal is meant to prejudice plaintiff's ability to seek relief for his tort claims in the appropriate state court, should he wish to do so.

be granted. An appropriate Order shall issue.

Entered this 13th day of January 2011.

Alexandria, Virginia

/s/
_____
T. S. Ellis, III
United States District Judge